## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                    :        **CHAPTER 13**
                                          :
**RAYMOND D. MCCRAY**                     :
                                          :
                                          :
**Debtor**                                :        **BANKRUPTCY NO.  17-16101**
                                          :

## AMENDED ORDER TO EMPLOYER TO PAY CHAPTER 13 TRUSTEE

The above-named Debtor has filed a proceeding under Chapter 13 of Title 11 of the United States Bankruptcy Code. The Debtor's future earnings have been submitted to the jurisdiction of this court in furtherance of the Debtor's Chapter 13 Plan.

NOW, THEREFORE, PURSUANT TO 11 U.S.C. §1325 (c) AND §105, IT IS ORDERED that, until further order of this Court, the employer or other party providing income to said Debtor shall deduct from the earnings or income of said Debtor the following sums each pay period hereafter, including any period for which the Debtor receives periodic or lump sum payment for or on account of vacation, termination or other benefits, arising out of present or past employment of the Debtor, and to forthwith remit the sum so deducted to ***.

## DEBTOR'S EMPLOYER AND ADDRESS:

**Thomas Jefferson University Hospitals**
**Attn:  Director, Payroll Department**
**111 S. 11th Street**
**Philadelphia, PA  19107-5587**

## TO WHOM PAYMENTS SHALL BE REMITTED:

## WILLIAM C. MILLER, CHAPTER 13 STANDING TRUSTEE

**P.O. Box 1799, Memphis, TN 38101-1799**

Amount of $364.53 to be deducted and paid from the Debtor's bi-weekly pay period.

IT IS FURTHER ORDERED that the employer or other party making payments shall note the Debtor's name and bankruptcy number on the checks to the mortgage company.

IT IS FURTHER ORDERED that said employer or other party shall notify mortgagee/Trustee if the earnings or income of said Debtor are terminated, and the reasons for such termination.

IT IS FURTHER ORDERED that all earnings and wages of the Debtor, except the amounts required to be withheld by the provisions of any laws of the United States, the laws of any State or political subdivision, or by any insurance, pension or union dues agreement between employer and the Debtor, or by the order of this Court, shall be paid to the Debtor in accordance with the employer's usual payroll procedure.

IT IS FURTHER ORDERED that no deduction for or on account of any garnishment, wage assignment, credit union or other purpose not specifically authorized by this Court shall be made from the earnings of said Debtor.

IT IS FURTHER ORDERED that an order dismissing Debtor's bankruptcy case shall constitute a termination of the requirement to make payments under this order.

IT IS FURTHER ORDERED that this order supersedes previous order, if any, made to the subject employer or other party in this case.

IT IS FURTHER ORDERED that the attorney for the Debtor shall serve copies of this order on the employer of the party, the Trustee, and the mortgagee within 5 days.

IT IS A VIOLATION OF 15 U.S.C. §1674 FOR AN EMPLOYER TO DISCHARGE AN EMPLOYEE OR TAKE ANY OTHER DISCIPLINCARY ACTION BECAUSE OF A WAGE GARNISHMENT. AN EMPLOYER VIOLATING SAID STATUTES IS SUBJECT TO FINES AND IMPRISONMENT.

Dated:    **June 20, 2018**

_____
ASHELY M. CHAN
BANKRUPTCY JUDGE

Dated: June 18, 2018          /s/ Ashley M. Sullivan
ASHLEY M. SULLIVAN
ATTORNEY FOR DEBTOR


Dated: June 18, 2018          /s/ Raymond D. McCray, Sr.
RAYMOND D. MCCCRAY, SR., DEBTOR